[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10714
Non-Argument Calendar

_____

D. C. Docket No. 05-61124-CV-AJ

GLORIA PERSICHILLI,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,
Michael J. Astrue,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 21, 2007)**

Before BIRCH, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant, Gloria Persichilli, appeals the district court's order affirming the

denial of her application for disability insurance benefits, 42 U.S.C. § 405(g). For the reasons set forth below, we affirm the decision of the district court.

## I.

On March 13, 1995, Persichilli applied for disability insurance benefits, alleging an onset date of December 20, 1994. She identified carpal tunnel syndrome and ulnar nerve entrapment as the conditions affecting her ability to work. Her application was denied both initially and on reconsideration. Persichilli requested a hearing before an Administrative Law Judge ("ALJ"), and, following the hearing, the ALJ issued a decision on July 24, 1996, denying the request for benefits. This denial was remanded by the Appeals Council with an order that the ALJ hear evidence from a vocational expert. Following a second hearing on February 25, 1998, in which two vocational experts testified, the ALJ again denied Persichilli's request for benefits. This decision was upheld by the Appeals Council.

On January 10, 2000, Persichilli filed a complaint in the United States District Court for the Southern District of Florida, and the magistrate court recommended that the Commissioner's decision be affirmed. The district court, however, declined to affirm the recommendation and remanded the case back to the Commissioner with instructions to hold a consultative medical examination and

receive expert medical evidence as to the nature and severity of Persichilli's current impairment. A third hearing was held and, once again, the ALJ denied the request for benefits. This decision was upheld by the Appeals Council.

Persichilli then filed a second suit in the district court. In this claim, Persichilli alleged that she had not worked since December 20, 1994, due to bilateral carpal tunnel syndrome with ulnar nerve entrapment, chronic pain syndrome, and major depression. Persichilli then moved for summary judgment, alleging that the ALJ erred in (1) determining that her depression was not a severe impairment; (2) refusing to consider evidence of medical treatment by her psychologist after March 31, 2000, the last date of her insured status; and (3) adopting the finding and conclusions in the Magistrate Judge's order of November 3, 2000. The Commissioner also filed a motion for summary judgment. The Commissioner argued that (1) the record conflicted with the proposition that Persichilli's depression caused severe impairment and the ALJ properly discounted her treating psychologist's opinions because they conflicted with the record; (2) Persichilli's depression was not sever and could not be of listing level severity; (3) Persichilli provided no evidence regarding how evidence of treatment of depression after March 31, 2000, would change the ALJ's decision; and (4) the ALJ properly adopted the findings and conclusions of the Magistrate Judge.

3

The district court granted the Commissioner's motion for summary judgment, and affirmed the Commissioner's decision.

Persichilli now appeals. In her appeal, Persichilli argues that the ALJ's finding that she could perform a full range of sedentary work was not supported by substantial evidence because the ALJ did not acknowledge her "sever manipulative limitations which affected her bilateral manual dexterity." Second, she argues that the ALJ erred in relying on the Medical Vocation Guidelines to direct a finding that appellant was not disabled because she had "nonexertional impairment that significantly limits her manipulative abilities to perform basic work skills." Third, Persichilli argues that the ALJ should have performed a detailed analysis, via both the Medical Vocational Guidelines and a vocational expert, regarding the effect her bilateral manipulative limitations had on her ability to perform sedentary work. Finally, she argues that testimony from a vocational expert was required to demonstrate that there were other jobs in the national economy that Persichilli could have performed with her residual functional capacity for less than a full range of sedentary work.

## II.

We review the Commissioner's decision in a social security case to determine if it is supported by substantial evidence and whether the correct legal

4

standards were applied. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158 (11th Cir. 2004). As a general rule, however, "this court will not address an argument that has not been raised in the district court." <u>Stewart v. Dep't of Health and Human Servs.</u>, 26 F.3d 115, 115 (11th Cir. 1994); <u>see</u> <u>also</u> <u>Jones v. Apfel</u>, 190 F.3d 1224, 1228 (11th Cir. 1999) (declining to consider an issue presented for the first time on appeal in a social security case).

### III.

After a review of the record, we conclude that Persichilli has waived her appellate arguments by failing to raise them in the district court. In her appeal, Persichilli argues that the ALJ ignored her inability to perform a full range of sedentary work because of her nonexertional manipulative limitations and the impact of those limitations on her hands. This argument was not presented to the district court. Rather, Persichilli focused on her depression, the ALJ's rejection of Dr. Seidman's opinion, and the ALJ's alleged circumvention of the district court remand order.

Accordingly, we decline to consider these issues raised for the first time on appeal, and **AFFIRM** the decision of the district court.